IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HSS SECURITY, LLC<br><br>　　　　Defendant. | CIVIL ACTION NO. 4:24-cv-03663<br><br>Jury Trial Demand |

ORIGINAL COMPLAINT
OF THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Patricia Lamb ("Lamb) who was adversely affected by such practices. As alleged with greater particularity below, Defendant HSS Security, LLC ("Defendant" or "HSS") failed or refused to hire Ms. Lamb because of her sex (female) in violation of Title VII.

JURISDICTION AND VENUE

1.　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.　Venue in this Court is proper pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), because the employment practices alleged to be unlawful were committed

1

within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff the U.S. Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant is a Delaware limited liability company that at all relevant times has continuously been doing business in the State of Texas and in the Cities of Houston and Webster, county of Harris. Its registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce with at least 15 employees pursuant to Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Patricia Lamb filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On January 24, 2024, the Commission issued a Letter of Determination to Defendant finding reasonable cause to believe that Title VII.

8. In the Letter of Determination, the Commission also invited Defendant to join with it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide it the opportunity to eliminate and remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On June 12, 2024, the Commission issued a Notice of Failure of Conciliation to Defendant.

12. All conditions precedent to the institution of this lawsuit have been fulfilled

## STATEMENT OF CLAIMS

13. On or about September 14, 2022, Defendant engaged in an unlawful employment action at one of its client sites located in Webster, Texas, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant discriminated against Lamb when it refused to hire her because of her sex.

14. On or about September 2, 2022, Lamb applied for a full-time Security Shift Supervisor (Firearm and TASER) position with HSS. The position was stationed at HSS' client site HCA Houston Healthcare Clear Lake, formally known as Clear Lake Regional Medical Center ("Clear Lake Hospital"). At the time Lamb applied, Lamb had law enforcement and prior security guard experience and about seven years of supervisory experience. Lamb also possessed licenses required for the job and a driver's license.

15. A few days later, the HSS recruiter Patrina Persaud ("Persaud") interviewed Lamb and found her qualified for the Security Shift Supervisor job. The next day, she emailed Lamb a conditional job offer and told Lamb that the supervisors over the position would meet with her at Clear Lake Hospital in the upcoming days. Lamb promptly accepted the job offer and consented

to the background checks.

16. Persaud subsequently sent an email about Lamb to the HSS Facility Supervisor at Clear Lake Hospital, Mark McMullen ("McMullen"), telling him Lamb was a "great candidate" for the position.

17. On September 9, 2022, Lamb met with the two HSS decisionmakers at the Clear Lake Hospital, McMullen and Program Manager, Dennis Williams ("Williams") at the hospital. They asked Lamb whether she possessed a firearm and had shooting experience, which she did. They also talked about how the job could get very physical and how some hospital patients or visitors would have to be subdued. Williams then looked at Lamb and said that HSS needed someone who could go "hands-on," "get into the fight and not cower up against the wall."

18. In response, Lamb stated that she could handle herself in such circumstances. She explained to the supervisors that as a Parole Officer she at times would handle aggressive individuals in potentially high-risk situations. She also informed Williams and McMullen that she successfully obtained a License to Carry and a Level IV Personal Security License. (These licenses signified that Lamb had training on the use of force, defensive tactics, conflict resolution and unarmed defensive tactics.)

19. On September 12, 2022, Williams sent Persaud an email rebuking her for hiring Lamb, saying that Lamb was not the right person for the job and that he was interviewing candidates for the position. He instructed Persaud to rescind Lamb's job offer and reopen the position.

20. Lamb received an email from an HSS onboarding coordinator telling her job offer was being rescinded. Lamb asked Williams why he had rescinded her job offer. He stated he was unaware that her offer had been withdrawn, claiming falsely that he had nothing to do with the

decision and that he did not know the reasons for the rescission.

21. Sometime on or around September 26, 2022, Defendant offered the Security Shift Supervisor position to a male applicant who declined the job. Then, in or around November 2022, Defendant offered the job to another male who resigned after two weeks in the position. Unlike, Lamb, neither male applicant had supervisory experience. Lamb also had the most recent law enforcement work experience.

22. Defendant's decision not to hire Lamb was based on her sex, female.

23. The effect of the practices complained of in paragraphs 13-22 above has been to deprive Lamb of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment, because of her sex (female).

24. The unlawful employment practices complained of in paragraphs 13-22 above were intentional.

25. The unlawful employment practices complained of in in paragraphs 13-22 above were done with malice or with reckless indifference to the federally protected rights of Lamb.

## PRAYER FOR RELIEF

26. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of Defendant's past and present unlawful employment practices;

C. Order Defendant to implement non-discriminatory objectives, written policies and

practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of sex, that they will comply with all aspects of Title VII, and that they will not take any action against employees because they have exercised their rights under the statute;

D. Order Defendant to make Lamb whole, instating Lamb into the Shift Supervisor position, and providing other affirmative relief necessary to eradicate the effects of its unlawful employment practices, and, if instatement is impracticable, award a payment of front pay in lieu thereof;

E. Order Defendant to make Lamb whole by providing compensation for any past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 13-22 above;

F. Order Defendant to pay Lamb punitive damages for its malicious and reckless conduct, as described in paragraphs 12-22 above, in amounts to be determined at trial; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

KARLA GILBRIDE
General Counsel

CHRISTOPER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney

KATHY D. BOUTCHEE
Assistant Regional Attorney

 /s/ Claudia Molina-Antanaitis
CLAUDIA MOLINA-ANTANAITIS
Senior Trial Attorney
Attorney-in-Charge
Southern District of Texas No. 1037069
Maryland Bar No. 0212180252
(346) 327-7711 [Telephone]
(713) 651-7995 [Facsimile]
claudia.molina@eeoc.gov

U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002

**COUNSEL FOR EEOC**