IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:24-cv-03663 |
| HSS SECURITY, LLC, | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant HSS Security, LLC ("HSS" or "Defendant"), by and through its attorneys, Jackson Lewis P.C., files its Answer, Defenses, and Affirmative Defenses to Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "Commission")'s Original Complaint [Doc. 1] ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all factual allegations contained in the Complaint except those that are not expressly admitted in this Answer.

## ANSWER TO FACTUAL ALLEGATIONS IN THE COMPLAINT

Defendant specifically responds to the factual allegations in Plaintiff's Original Complaint, corresponding numerically to the numbered paragraphs and headings in the Complaint, as follows:

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Patricia Lamb ("Lamb) who was adversely affected

by such practices. As alleged with greater particularity below, Defendant HSS Security, LLC ("Defendant" or "HSS") failed or refused to hire Ms. Lamb because of her sex (female) in violation of Title VII.

**ANSWER:** Defendant denies that it failed or refused to hire Ms. Lamb because of her sex in violation of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"). Defendant further denies that it took any action in violation of Title VII or other applicable law. The remainder of this paragraph contains no specific factual allegations to be admitted or denied.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(0(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(0(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**ANSWER:** Paragraph 1 of the Complaint contains no specific factual allegations to which Defendant must respond. To the extent that a response is nonetheless required, Defendant admits that this Court has jurisdiction over Plaintiff's claims under Title VII, Section 102 of the Civil Rights Act of 1991, and 42 U.S.C. § 1981, but denies a violation of same or any other law. Defendant further denies that Plaintiff's Complaint states a legally cognizable claim under the statutes identified.

2. Venue in this Court is proper pursuant to Section 706(0(3) of Title VII, 42 U.S.C. § 2000e-5(0(1) and (3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

**ANSWER:** Paragraph 2 of the Complaint contains no factual allegations to which Defendant must respond. To the extent a response is nonetheless required, Defendant admits that venue is proper in this district.

## PARTIES

3. Plaintiff the U.S. Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

**ANSWER:** Paragraph 3 of the Complaint contains no factual allegations to which Defendant must respond. To the extent a response is nonetheless required, Defendant admits that the Commission is authorized by statute to bring Title VII claims.

4. Defendant is a Delaware limited liability company that at all relevant times has continuously been doing business in the State of Texas and in the Cities of Houston and Webster, county of Harris. Its registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

**ANSWER:** Defendant admits the factual allegations in Paragraph 4 of the Complaint.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce with at least 15 employees pursuant to Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

**ANSWER:** Defendant admits the factual allegations in Paragraph 5 of the Complaint.

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Patricia Lamb filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

**ANSWER:** Defendant admits the allegations in Paragraph 6 of the Complaint.

7. On January 24, 2024, the Commission issued a Letter of Determination to Defendant finding reasonable cause to believe that Title VII.

**ANSWER:** Defendant admits that the Commission issued a Letter of Determination containing a finding of reasonable cause. Defendant denies any violation of Title VII or any other law.

8. In the Letter of Determination, the Commission also invited Defendant to join with it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

**ANSWER:** Defendant admits that the Commission invited it to join in the conciliation process. Defendant denies that it engaged in any "unlawful employment practices."

9. The Commission engaged in communications with Defendant to provide it the opportunity to eliminate and remedy the discriminatory practices described in the Letter of Determination.

**ANSWER:** Defendant admits that it engaged in communications regarding conciliation with the Commission. Defendant denies the remaining factual allegations in Paragraph 9 of the Complaint.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

**ANSWER:** Defendant admits that the parties did not reach a conciliation agreement which was accepted by the Commission.

11. On June 12, 2024, the Commission issued a Notice of Failure of Conciliation to Defendant.

**ANSWER:** Defendant admits the allegations in Paragraph 11 of the Complaint.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

**ANSWER:** Defendant denies the allegations in Paragraph 12 of the Complaint.

## STATEMENT OF CLAIMS

13. On or about September 14, 2022, Defendant engaged in an unlawful employment action at one of its client sites located in Webster, Texas, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant discriminated against Lamb when it refused to hire her because of her sex.

**ANSWER:** Defendant denies the factual allegations in Paragraph 13 of the Complaint.

14. On or about September 2, 2022, Lamb applied for a full-time Security Shift Supervisor (Firearm and TASER) position with HSS. The position was stationed at HSS' client site HCA Houston Healthcare Clear Lake, formally known as Clear Lake Regional Medical Center ("Clear Lake Hospital"). At the time Lamb applied, Lamb had law enforcement and prior security guard experience and about seven years of supervisory experience. Lamb also possessed licenses required for the job and a driver's license.

**ANSWER:** Defendant admits the factual allegations in the first two sentences of Paragraph 14. Defendant lacks sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 14.

15. A few days later, the HSS recruiter Patrina Persaud ("Persaud") interviewed Lamb and found her qualified for the Security Shift Supervisor job. The next day, she emailed Lamb a conditional job offer and told Lamb that the supervisors over the position would meet with her at Clear Lake Hospital in the upcoming days. Lamb promptly accepted the job offer and consented to the background checks.

**ANSWER:** Defendant admits that Patrina Persaud interviewed Lamb on September 6, 2022, and made a purported job offer, but clarifies that Persaud lacked authority to make final hiring decisions. Defendant admits that Lamb accepted the purported job offer and consented to background checks. Defendant denies the remaining factual allegations in Paragraph 15.

16. Persaud subsequently sent an email about Lamb to the HSS Facility Supervisor at Clear Lake Hospital, Mark McMullen ("McMullen"), telling him Lamb was a "great candidate" for the position.

**ANSWER:** Defendant responds that the referenced document speaks for itself. Defendant denies the factual allegations in Paragraph 16 to the extent inconsistent with the referenced document.

17. On September 9, 2022, Lamb met with the two HSS decisionmakers at the Clear Lake Hospital, McMullen and Program Manager, Dennis Williams ("Williams") at the hospital. They asked Lamb whether she possessed a firearm and had shooting experience, which she did. They also talked about how the job could get very physical and how some hospital patients or visitors would have to be subdued. Williams then looked at Lamb and said that HSS needed someone who could go "hands-on," "get into the fight and not cower up against the wall."

**ANSWER:** Defendant admits that Lamb met with McMullen and Williams, discussed that the job required physically subduing aggressive patients, and discussed whether Lamb had relevant experience. Defendant denies the remaining factual allegations in Paragraph 17.

18. In response, Lamb stated that she could handle herself in such circumstances. She explained to the supervisors that as a Parole Officer she at times would handle aggressive individuals in potentially high-risk situations. She also informed Williams and McMullen that she successfully obtained

a License to Carry and a Level IV Personal Security License. (These licenses signified that Lamb had training on the use of force, defensive tactics, conflict resolution and unarmed defensive tactics.)

**ANSWER:** Defendant admits that Lamb represented that she possessed a License to Carry and a Personal Security License. Defendant denies the remaining factual allegations in Paragraph 18.

19. On September 12, 2022, Williams sent Persaud an email rebuking her for hiring Lamb, saying that Lamb was not the right person for the job and that he was interviewing candidates for the position. He instructed Persaud to rescind Lamb's job offer and reopen the position.

**ANSWER:** Defendant admits that Williams sent Persaud an email clarifying that interviews were still ongoing and that Persaud did not have authority to make final offers. Defendant admits that Williams stated Lamb was not the candidate being considered for the position and that the position should be opened. Defendant denies the remaining factual allegations in Paragraph 19.

20. Lamb received an email from an HSS onboarding coordinator telling her job offer was being rescinded. Lamb asked Williams why he had rescinded her job offer. He stated he was unaware that her offer had been withdrawn, claiming falsely that he had nothing to do with the decision and that he did not know the reasons for the rescission.

**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. Sometime on or around September 26, 2022, Defendant offered the Security Shift Supervisor position to a male applicant who declined the job. Then, in or around November 2022, Defendant offered the job to another male who resigned after two weeks in the position. Unlike, Lamb, neither male applicant had supervisory experience. Lamb also had the most recent law enforcement

work experience.

**ANSWER:** Defendant admits the allegations in the first two sentences of Paragraph 21. Defendant lacks sufficient information to admit or deny the allegations in the last two sentences of Paragraph 21. Defendant denies the remaining factual allegations in Paragraph 21.

22. Defendant's decision not to hire Lamb was based on her sex, female.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23. The effect of the practices complained of in paragraphs 13-22 above has been to deprive Lamb of equal employment opportunities and to otherwise adversely affect her status as an applicant for employment, because of her sex (female).

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24. The unlawful employment practices complained of in paragraphs 13-22 above were intentional.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25. The unlawful employment practices complained of in paragraphs 13-22 above were done with malice or with reckless indifference to the federally protected rights of Lamb.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of the Complaint.

**PRAYER FOR RELIEF**

26. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of Defendant's past and present unlawful employment practices;

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of sex, that they will comply with all aspects of Title VII, and that they will not take any action against employees because they have exercised their rights under the statute;

D. Order Defendant to make Lamb whole, instating Lamb into the Shift Supervisor position, and providing other affirmative relief necessary to eradicate the effects of its unlawful employment practices, and, if instatement is impracticable, award a payment of front pay in lieu thereof;

E. Order Defendant to make Lamb whole by providing compensation for any past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in paragraph 13-22 above;

F. Order Defendant to pay Lamb punitive damages for its malicious and reckless conduct, as described in paragraphs 12-22 above, in amounts to be determined at trial; and

G. Award the Commission its costs of this action.

**ANSWER:** Paragraph 26 of the Complaint contains no factual allegations to which Defendant must respond. To the extent a response is nonetheless required, Defendant denies any

violation of Title VII, Section 1981, or any other federal or state law and denies that Plaintiff is entitled to the relief requested.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**ANSWER:** This Paragraph contains no factual allegations to which Defendant must respond.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Defendant's employment decisions regarding or affecting Lamb were based upon legitimate, nondiscriminatory business reasons that were in no way related to Lamb's alleged protected class.

3. To the extent Plaintiff asserts that any employment decision challenged by Plaintiff was made because of a protected factor or act, Defendant affirmatively states that it would have made the same decision even absent any such protected factor or act. In such instance, Defendant reserves the right to assert a mixed motive defense.

4. Any alleged claims for damages are barred or should be reduced due to Lamb's failure to mitigate her alleged damages, by her failure to suffer actual damages and/or by her inability to prove actual damages.

5. Any amount Plaintiff claims is due and owing to Lamb for lost wages and/or other employment benefits must be reduced and/or offset by the amount of wages and benefits Lamb earned (including unemployment compensation benefits), or through the exercise of reasonable

diligence could have earned, or which he otherwise failed to seek or accept, during the period for which lost wages and benefits are sought by Lamb.

6. Plaintiff's claims are barred in whole or in part to the extent discovery establishes that Lamb engaged in sufficient misconduct to establish that the after-acquired evidence doctrine applies.

7. Lamb should not be awarded punitive damages because Defendant did not act with malice or reckless indifference to Lamb's legally protected rights.

8. Defendant at all times acted in good faith to comply with all applicable equal employment laws and acted with reasonable grounds to believe that its actions did not violate the statutes cited in Plaintiff's Complaint, and Defendant asserts a lack of willfulness or intent to violate these statutes as a defense to any claim by Plaintiff for punitive damages.

9. Any recovery on Plaintiff's claims is barred because Defendant's conduct was undertaken in good faith and/or justified under all applicable laws.

10. Defendant pleads that it is entitled to recover its attorneys' fees and/or costs in defense of Plaintiff's claims.

11. To preserve its affirmative defenses and pending completion of discovery, defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent the doctrines of waiver, unclean hands, laches, equitable estoppel, and/or mistake apply.

12. Plaintiff's Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by Rule 8(c) of the Federal Rules of Civil Procedure, which cannot be determined at this time without the benefit of discovery. Thus, as separate affirmative defenses to Plaintiff's Complaint, Defendant reserves the right to assert all such affirmative defenses and other defenses as appropriate via separate motion.

## REQUEST FOR RELIEF

Based on the above, Defendant requests that Plaintiff take nothing by its suit, and that the Court grant it such additional and further relief to which it may show itself to be entitled.

WHEREFORE, Defendant respectfully prays that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice. Defendant further seeks any other or additional relief, including costs where applicable, to which it shows itself to be justly entitled.

Dated: November 27, 2024

Respectfully submitted,

**JACKSON LEWIS P.C.**

By: */s/ Veronica T. Hunter*
Veronica T. Hunter
S.D. Texas No. 3544808
Texas Bar No. 24122525
93 Red River Street, Suite 1150
Austin, Texas 78701
Telephone: (512) 362-7100
Facsimile: (512) 362-5574
Email: Veronica.Hunter@jacksonlewis.com

\- AND -

Jared A. Medrano
S.D, Texas No. 3723209
Texas Bar No. 24126316
JACKSON LEWIS P.C.
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405
Email: Jared.Medrano@jacksonlewis.com

**ATTORNEYS FOR DEFENDANT**
**HSS SECURITY, LLC**

**CERTIFICATE OF SERVICE**

I certify that I filed the *Defendant's Answer, Defenses and Affirmative Defenses to Plaintiff's Original Complaint* in accordance with the protocols for e-filing through the CM/ECF system in the United States District Court for the Southern District of Texas, Houston Division, on November 27, 2024, and therefore has been served upon all counsel of record in accordance with such e-filing protocols as follows:

Karla Gilbride | General Counsel
Christopher Lage | Deputy General Counsel
Gwendolyn Young Reams | Associate General Counsel
Rudy Sustaita | Regional Attorney
Kathy D. Boutchee | Assistant Regional Attorney
Claudia Molina-Antanaitis | Senior Trial Attorney, Attorney-in-Charge
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1919 Smith Street, 6th Floor
Houston, Texas 77002
Claudia.Molina@eeoc.gov
*Attorneys for Plaintiff*

*/s/ Veronica T. Hunter*
Veronica T. Hunter